UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NOS. 1:20-cr-00668 |
| | : | 1:20-cr-00707 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Case No. 1:20-cr-00668, Doc. 22; Case No. 1:20-cr-00707, Doc. 353] |
| HILARY SMITH, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Hilary Smith filed a § 2255 motion arguing that his trial counsel was ineffective for failing to ask an independent expert to test drugs in evidence.[1] His motion contains only a single sentence: "By failing to have an independent expert conduct a test of the weight and purity of the narcotics in evidence, did counsel provide ineffective assistance?"[2]

On May 23, 2023, the Court appointed counsel to help Smith with his motion.[3] But apparently, Smith refused to cooperate with his appointed counsel or even to respond to appointed counsel's letters.[4] As a result, appointed counsel did not file any supplemental briefing and asked to withdraw.[5] The Court granted the request to withdraw.

On September 7, 2023, the government responded to Smith's § 2255 motion.[6]

---

[1] Defendant Smith filed the same motion in two separate dockets. No. 1:20-cr-00668, Doc. 22; No. 1:20-cr-00707, Doc. 353. This Order addresses both dockets.
[2] No. 1:20-cr-00668, Doc. 22; No. 1:20-cr-00707, Doc. 353.
[3] No. 1:20-cr-00668, Appointment of Counsel (May 23, 2023); No. 1:20-cr-00707, Appointment of Counsel (May 23, 2023).
[4] No. 1:20-cr-00668, Doc. 25; No. 1:20-cr-00707, Doc. 374.
[5] No. 1:20-cr-00668, Doc. 25; No. 1:20-cr-00707, Doc. 374.
[6] No. 1:20-cr-00707, Doc. 371. The government did not file its response in Case No. 1:20-cr-00668.

Case Nos.                1:20-cr-00668, 1:20-cr-00707
GWIN, J.

To succeed on his § 2255 motion, Defendant Smith has the burden of proving that his trial counsel was ineffective by a preponderance of the evidence.[7] Smith must prove that "(1) his trial counsel's representation fell below an objective standard of reasonableness, . . . and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[8]

Obviously, Smith has not met his burden of proof. Smith has provided neither facts nor legal arguments showing that his trial counsel's performance was objectively unreasonable. Nor has Smith explained how the outcome of his case would have been different if his counsel had used an independent expert to test the drugs in evidence.

For those reasons, the Court **DENIES** Smith's motion. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[9]

IT IS SO ORDERED.

Dated: October 26, 2023           *s/ James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[7] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).
[8] *Id.* at 966 (internal quotations omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984)).
[9] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).